*280 OPINION.
Phillips :
Section 402(c) of the Eevenue Act of 1921 provides that there shall be included in the gross estate of a decedent the value of any property of which the decedent has made a gift in contemplation of death, and further provides that any such transfer within two years of death shall, unless shown to the contrary, be deemed to have been made in contemplation of death. The gifts here in question were made within two years of death and we are of the opinion that the facts stipulated are insufficient to establish that they were not made in contemplation of death within the meaning of the statute.
We have heretofore had occasion to review the authorities and discuss the meaning of the phrase “ contemplation of death.” Appeal of Philip T. Starck, 3 B. T. A. 514; Appeal of Spencer Borden, Jr., 6 B. T. A. 255. There we reached the conclusion that it did not include the general contemplation of death entertained by everyone, but did include a state of mind which looked forward to death within the reasonably near future.
At the time of the gifts here in question decedent was between seventy-two and seventy-three years old. For several years he had suffered from organic heart trouble and was aware of his condition. He had retired from business some two years previously. While he entertained friends and visited them in his automobile, it appears that his condition had reached the point where physical exertion was difficult for him. Under such circumstances, considering also that the gifts were made in anticipation of a contest of his will by his son, with no motive shown for making the gifts other than the desire to provide for his daughters after his death, we are of the opinion that there has been no showing which overcomes the presumption created by the statute that these gifts were made in contemplation of death.

Decision will be entered for the Commissioner.